UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM WRIGHT,

                Petitioner,

        - against -

EARL BELL,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-2222 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner William Wright, currently in state custody and proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on grounds that the state court improperly resentenced him after he successfully moved to vacate his original sentence. For the reasons below, the petition is denied.

## BACKGROUND

The Court adopts the New York Appellate Division's succinct recitation of the relevant background and proceedings in the state trial court.

> In June 2013, [Petitioner] pleaded guilty, inter alia, to conspiracy in the second degree and criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. He was sentenced in accordance with a plea agreement, as a predicate felony offender, to concurrent sentences, the greatest of which was a determinate term of 13½ years. Subsequently, [Petitioner] successfully moved pursuant to [New York Criminal Procedure Law ("CPL") §] 440.20 to set aside the sentence as illegal on the ground that he should not have been sentenced as a predicate felony offender because his federal conviction for conspiracy to commit a drug crime could not serve as a predicate felony for sentencing purposes in New York. At resentencing, the County Court sentenced [Petitioner] as a first felony offender, but imposed consecutive sentences for the conviction of conspiracy in the second degree and the conviction of criminal possession of a controlled substance in the second degree so as to arrive at a similar aggregate term as it had previously imposed.

*People v. Wright*, 54 N.Y.S.3d 446, 447 (N.Y. App. Div. 2017) (internal citation omitted).

1

Petitioner appealed the trial court's reimposition of a substantially similar sentence. On appeal, Petitioner made three arguments to the Appellate Division: (1) that "the sentencing court lacked authority to re-sentence him to an amended consecutive sentence, instead of the originally promised one of concurrence"; (2) that "the resentencing court's amendment of counts 2 and 3 to run consecutive, as opposed to its original 'on the record' promise of concurrence, deprived [Petitioner] of his state and federal constitutional rights to due process"; and (3) that "[Petitioner]'s resentencing was not only vindictive and disproportionate, it was excessive and harsh." (*See* Petitioner's Appellate Brief ("App. Br."), Dkt. 13-2, at ECF[1] 213, 228, 245, 263.)

By a decision and order on May 17, 2017, the Appellate Division affirmed Petitioner's resentence. *Wright*, 54 N.Y.S.3d at 447. In doing so, the Appellate Division concluded that the sentencing court "did not lack the authority to impose the corrected sentence, which fell within the range initially agreed upon" in the plea agreement. *Id.* at 447–48 (citations omitted). The Appellate Division also concluded that the sentencing court "was authorized to impose consecutive sentences for [Petitioner]'s conviction of conspiracy in the second degree and his conviction of criminal possession of a controlled substance in the second degree because those crimes, as admitted to at the plea allocution, involved separate and distinct acts." *Id.* at 448 (citations omitted). Finally, the Appellate Division determined that "[t]he resentence imposed was not excessive," and that "[Petitioner]'s remaining contentions [we]re without merit." *Id.* (citations omitted). Petitioner applied to the Court of Appeals for leave to appeal. (Application to the Court of Appeals for Leave to Appeal ("Leave to Appeal Application"), Dkt. 13-2, at ECF 315–16.) Leave to appeal was denied on October 24, 2017. *People v. Wright*, 89 N.E.3d 1267 (N.Y. 2017).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

On April 5, 2018, Petitioner timely filed the instant habeas petition (the "Petition").[2] (Petition, Dkt. 1, at ECF 14.)  The Petition raises two specific grounds for relief.  First, the Petition asserts that the state trial court "lacked the authority to chang[e] portions of [] [P]etitioner's sentence."  (*Id.* at ECF 5; *see also* Petitioner's Memorandum of Law in Support of Petition ("Pet'r Mem."), Dkt. 1-6, at ECF 10–14.)  Second, the Petition argues that "[s]entencing Petitioner to more time in prison for successfully challenging his predicate felony offender status was vindictive" on the part of the trial court.  (Petition, Dkt. 1, at ECF 6; *see also* Pet'r Mem., Dkt. 1-6, at ECF 15–18.)  Respondent filed a return to the Petition, which included the state-court record, on August 9, 2018.  (Respondent's Return ("Resp. Ret."), Dkt. 12; State-Court Record, Dkt. 13.)  Petitioner replied on August 30, 2018.[3]  (Petitioner's Reply ("Pet'r Reply"), Dkt. 14, at ECF 5.)

## DISCUSSION

### I.     Legal Standards

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Despite this grant of authority to consider habeas petitions of state prisoners, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") constrains federal-court review of state-court decisions in habeas proceedings.  Under AEDPA, a claim that was

---

[2] Under the "prison mailbox" rule, which has been extended to *pro se* habeas petitions, the date of filing of a document is the date on which the document is given to prison officials.  *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (per curiam).  Here, Petitioner signed the Petition on April 5, 2018.  (Petition, Dkt. 1, at ECF 14.)  The Petition was received by the Court and electronically docketed on April 9, 2018.  (*Id.* at ECF 1.)

[3] Petitioner's reply was received by the Court and electronically docketed on September 4, 2018.

3

"adjudicated on the merits" in the state court may not serve as a basis for federal habeas relief unless its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have "independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state-court decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court cases, or (2) decides a case differently from the Supreme Court given "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state-court decision involves an "unreasonable application" of clearly established federal law if it (1) correctly identifies the governing legal rule but "unreasonably applies it" to the instant case, or (2) "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. An unreasonable application "must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)).

A claim is "adjudicated on the merits" in the state court, and accordingly triggers deference under AEDPA, if the state court "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). "AEDPA unquestionably requires deference to a state court's 'summary disposition' of an appeal." *Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) (per curiam) (citing *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011)). And

4

when an appeal presents both state-law and federal-law claims and the state court does not expressly address the federal-law claims, "a federal habeas court must presume that the federal claim was adjudicated on the merits," although "that presumption can in some limited circumstances be rebutted." *Johnson v. Williams*, 568 U.S. 289, 301 (2013); *see also Harrington*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." (citation omitted)). In explicating *Harrington* and *Johnson*, the Second Circuit has explained that "when a state court denies a claim that was squarely presented, there is a strong presumption that the denial is 'on the merits,'" but "there is no such automatic presumption if the petitioner failed to squarely present the claim in state court." *Golb v. Att'y Gen. of N.Y.*, 870 F.3d 89, 97 (2d Cir. 2017).[4] When a state appellate court has summarily decided a federal claim, a federal habeas court applies AEDPA deference "by asking, first, 'what arguments or theories could have supported' the decision of the state court, and second, 'whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.'" *Hawthorne*, 695 F.3d at 196 (alterations omitted) (quoting *Harrington*, 562 U.S. at 102).

---

[4] A petitioner who fails to squarely present a federal claim in state court faces other procedural hurdles, even if AEDPA deference will not apply because the claim was not "adjudicated on the merits." *See Golb*, 870 F.3d at 98 ("Exhaustion requirements and procedural default rules prevent a petitioner from securing de novo habeas review of federal claims not properly raised before the state court."); *see also Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) ("To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." (internal quotation marks, alterations, and citations omitted)); *Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005) ("A petitioner may not evade exhaustion's strictures by defaulting his or her federal claims in state court." (citation omitted)).

Because Petitioner in this case is *pro se*, the Court liberally construes the Petition and interprets it "to raise the strongest arguments that [it] suggest[s]." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 473 (2d Cir. 2006) (per curiam) (italics and citation omitted). At the same time, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *accord O'Neal v. New York*, 465 F. Supp. 3d 206, 216 (E.D.N.Y. 2020).

## II. Analysis

Petitioner asserts two grounds for habeas relief: (1) the state trial court lacked authority to modify the portions of Petitioner's original sentence that were not illegal, unauthorized, or otherwise invalid (*see* Petition, Dkt. 1, at ECF 5; Pet'r Mem., Dkt. 1-6, at ECF 10–14); and (2) the state court was "vindictive" in resentencing Petitioner to "more time in prison" after Petitioner successfully challenged his status as a predicate offender (*see* Petition, Dkt. 1, at ECF 6; Pet'r Mem., Dkt. 1-6, at ECF 15–18). Neither of these claims provides a ground for granting Petitioner federal habeas relief.

### A. Petitioner's Claim Regarding the State's Court Lack of Authority Is Not Cognizable on Federal Habeas Review

Petitioner's "main contention" is that the state court lacked authority under CPL § 440.20 "to do anything other than vacate the portions of [] Petitioner's sentence that were unauthorized, illegally imposed or otherwise invalid as a matter of law."[5] (Pet'r Mem., Dkt. 1-6, at ECF 12.) In

---

[5] CPL § 440.20 provides that "the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." N.Y. Crim. P. Law § 440.20(1). The Second Circuit has construed CPL § 440.20 as giving the state court "no authority" to change a defendant's sentence "otherwise than to correct an illegality." *See Walker v. Artus*, 716 F. App'x 34, 37 (2d Cir. 2017) (summary order).

6

other words, according to Petitioner, the state court "went beyond its authority and disturbed portions of the [sentence] that remained valid." (*Id.* at ECF 11.)

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Indeed, 28 U.S.C. § 2254 states that federal habeas relief to state prisoners is available "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68; *cf. Baker v. Lempke*, No. 07-CV-1179 (JKS), 2010 WL 1730034, at *12 (N.D.N.Y. Apr. 26, 2010) ("To the extent that [the petitioner] argues the imposition of a sentence was improper under state law, it is . . . an issue of state law beyond the purview of this Court in a federal habeas proceeding.").

Petitioner's citations to the Supreme Court's decisions in *Hill v. United States*, 368 U.S. 424 (1962), and *United States v. Morgan*, 346 U.S. 502 (1954), are unavailing. (*See* Pet'r Mem., Dkt. 1-6, at ECF 13–14.) Neither decision concerns the authority of a *state* court to vacate or correct a sentence, nor does either decision address the cognizability of a claim that the state court acted without authority on resentencing. In *Hill*, the Supreme Court held that a federal court's failure to follow a requirement under the Federal Rules of Criminal Procedure allowing the defendant to make a statement before being sentenced "is not of itself an error that can be raised by collateral attack." 368 U.S. at 426. As the Supreme Court explained, "[t]he failure of a trial court to ask a defendant represented by an attorney whether [the defendant] has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under

7

a writ of habeas corpus." *Id.* at 428. *Hill* does not help Petitioner. Likewise, *Morgan*, a case involving the availability of the writ of corum nobis, is equally unhelpful to Petitioner. *See* 346 U.S. at 507.

Petitioner's claim that the state court lacked authority to resentence in the fashion that it did is not cognizable on federal habeas review.

      **B.**      **Petitioner's Claim that His Resentence Was Vindictive Is Not a Basis for Granting Habeas Relief**

Petitioner's second asserted ground for habeas relief is that the state trial court was "vindictive" in not imposing a lower sentence after Petitioner successfully challenged his status as a predicate offender. (*See* Pet'r Mem., Dkt. 1-6, at ECF 15–18.)

As an initial matter, "it is well settled that no federal constitutional issue is presented where the sentence [of a state prisoner] is within the range prescribed by state law." *Ross v. Gavin*, 101 F.3d 687 (2d Cir. 1996) (table) (internal quotation marks and alterations omitted) (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)); *see also Silva v. Keyser*, 271 F. Supp. 3d 527, 545 (S.D.N.Y. 2017) ("It is well-established that when a sentence falls within the range prescribed by state law, the length of the sentence generally may not be raised as a basis for federal habeas relief." (citing *Keane*, 969 F.2d at 1383)). Additionally, "there is 'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.'" *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001)). Petitioner does not contend that his resentence of 13½ years falls outside the range permitted by state law.[6] (*See generally* Pet'r Mem., Dkt. 1-6.) Therefore, to the extent Petitioner challenges

---

      [6] In fact, Petitioner states in his reply that "the legality of Petitioner's sentence is not the focus" here. (Petitioner's Reply ("Pet'r Reply"), Dkt. 14, at ECF 2.) The charges to which Petitioner pleaded guilty include, *inter alia*, criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the second degree (*see* Plea Colloquy, Dkt. 13, at ECF 42)—both of which are classified as class A-II felonies and carry determinate

the length of his sentence, or the state court's imposition of consecutive sentences with respect to certain counts, those claims are not cognizable.

To the extent Petitioner claims that the state court was "vindictive," that claim provides no basis for habeas relief here. This claim was squarely presented to the state court. (*See* App. Br., Dkt. 13-2, at ECF 213 ("[Petitioner]'s resentencing was vindictive, disproportionate, excessive and harsh."); ECF 263–64 ("Effectively, [Petitioner] had been penalized because he had dared to exercise his due process right to challenge the legality of the state's [predicate felony offender] adjudication requiring enhanced sentencing."); *see also* Leave to Appeal Application, Dkt. 13-2, at ECF 316 (reiterating the same arguments presented to the Appellate Division).) Even though the Appellate Division summarily decided that "[t]he resentence imposed was not excessive" and that "[Petitioner]'s remaining contentions [we]re without merit," *see Wright*, 54 N.Y.S.3d at 448, this was an adjudication "on the merits," and the Court is obligated to apply AEDPA deference, *see Johnson*, 568 U.S. at 301; *Harrington*, 562 U.S. at 99; *see also Golb*, 870 F.3d at 97 ("[W]hen a state court denies a claim that was squarely presented, there is a strong presumption that the denial is 'on the merits.'").

Petitioner relies on the Supreme Court's decision in *North Carolina v. Pearce*, which established that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence [the defendant] receives after a new trial," 395 U.S. 711, 725 (1969), and thus, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for [the judge's] doing so must

---

terms of imprisonment of 3 to 10 years for a first offender, *see* N.Y. Penal Law §§ 70.71(2)(b)(ii), 220.18, 220.41—as well as conspiracy in the second degree (*see* Plea Colloquy, Dkt. 13, at ECF 42), a class B felony carrying an indeterminate term of imprisonment with a minimum of at least 1 year and a maximum of 3 to 25 years, *see* N.Y. Penal Law §§ 70.00, 105.15.

9

affirmatively appear," *id.* at 726. (*See* Pet'r Mem., Dkt. 1-6, at ECF 16.) "The [Supreme] Court has narrowed the scope of the *Pearce* doctrine over the years," however, "to emphasize that the goal is to prevent the 'evil' of 'vindictiveness of a sentencing judge,' and not simply 'enlarged sentences after a new trial.'" *United States v. Atehortva*, 69 F.3d 679, 683 (2d Cir. 1995) (quoting *Alabama v. Smith*, 490 U.S. 794, 799 (1989)). Moreover, "the presumption of vindictiveness does not apply where the penalty imposed on resentencing is the same as the original sentence." *Jones v. Hollins*, 884 F. Supp. 758, 762 (W.D.N.Y. 1995) (collecting cases); *see also Brown v. Dist. Court, Nassau Cnty.*, 637 F. Supp. 1096, 1098–99 (E.D.N.Y. 1986) (declining to apply the *Pearce* presumption on habeas review where the petitioner received the same sentence on resentencing after a successful appeal). Indeed, the Second Circuit has decided that "[w]here one or more of several related counts have been vacated, and the district court on resentencing has *increased* the sentence on the remaining, related counts to maintain the *same aggregate* sentence as before, no presumption of vindictiveness applies." *United States v. Weingarten*, 713 F.3d 704, 714 (2d Cir. 2013) (emphasis added); *see also Atehortva*, 69 F.3d at 685 ("When a defendant challenges convictions on particular counts that are inextricably tied to other counts in determining the sentencing range under the guidelines, the defendant assumes the risk of undoing the intricate knot of calculations should he succeed." (citation omitted)). Even where the sentence has been increased, "before a defendant may invoke the *Pearce* presumption, there must be a 'reasonable likelihood that the increase in sentence is the product of *actual vindictiveness* on the part of the sentencing authority.'" *United States v. Singletary*, 458 F.3d 72, 76 (2d Cir. 2006) (emphasis in original) (quoting *Alabama*, 490 U.S. at 799). Where the *Pearce* presumption does not apply, "the defendant must affirmatively prove actual vindictiveness." *Id.* (quoting *Wasman v. United States*, 468 U.S. 559, 569 (1984)).

Petitioner characterizes his sentence as "more time in prison." (Petition, Dkt. 1, at ECF 6; Pet'r Mem., Dkt. 1-6, at ECF 15.) Strictly speaking, as the state court recognized at resentencing, Petitioner's minimum period of incarceration under the resentence is two days more than under the original sentence. (Transcript of Resentencing Hearing ("Resentencing Tr."), Dkt. 13, at ECF 71; *see also* Pet'r Reply, Dkt. 14, at ECF 3 ("Petitioner received more time—albeit 2 days—as a first time felony offender than he received as a second felony offender.").) Even so, Petitioner cannot demonstrate a "reasonable likelihood" that this increase in his minimum sentence is the product of actual vindictiveness on the part of the sentencing judge, such that the *Pearce* presumption of vindictiveness would apply. *See Singletary*, 458 F.3d at 76; *see also Alabama*, 490 U.S. at 799. Tellingly, although Petitioner's minimum period of incarceration under the resentence increased by two days, the judge "directed" that Petitioner was "to be released two days prior to" the end of the minimum sentence, assuming all other prerequisites were satisfied. (Resentencing Tr., Dkt. 13, at ECF 71.) In other words, as the judge even said, the goal in resentencing Petitioner was "to sentence [Petitioner] to as close a sentence as [the one] originally imposed." (*Id.* at ECF 68.) Nothing about this demonstrates a "reasonable likelihood" of actual vindictiveness that indicates a presumption of vindictiveness should apply.

But even if a presumption of vindictiveness were to apply, the sentencing judge provided reasons for the resentence that affirmatively rebut any such presumption. *See Pearce*, 395 U.S. at 726 ("[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for [their] doing so must affirmatively appear."); *cf. Singletary*, 458 F.3d at 79 ("[A]ssuming *arguendo* that the presumption does apply, we are satisfied that the District Court's explanation of the higher sentence upon remand rebuts any potential presumption of vindictiveness."). The record here makes plain that the sentencing judge's reason for imposing a

11

substantially similar sentence was to "give[] each party the benefit of their bargain of the original [plea] deal," (Resentencing Tr., Dkt. 13, at ECF 72), so that "neither side receive[d] a benefit upon a mutual mistake of the parties and the Court at the original sentencing" (*id.* at ECF 69). In other words, given that Petitioner was offered and declined the option of vacating his guilty plea and proceeding to trial (*see id.* at ECF 65–66), the sentencing judge appeared to believe that Petitioner "should not receive a benefit where a legal sentence [could] be pronounced in harmony with the original sentence" (*id.* at ECF 69). Regardless of the soundness of this logic, it demonstrates that the sentencing judge did not have an intent to punish Petitioner for successfully overturning the original sentence. Petitioner's claim of vindictiveness is therefore foreclosed. *See Alabama*, 490 U.S. at 799–800; *Singletary*, 458 F.3d at 76. At the very least, the Court cannot conclude that the state court's decision to affirm Petitioner's resentencing was contrary to or an objectively unreasonable application of *Pearce* and its progeny. *See* 28 U.S.C. § 2254(d)(1).

Accordingly, Petitioner's claim that the state court acted vindictively in its resentencing is not a basis on which to grant habeas relief.[7]

---

[7] In replying to Respondent, Petitioner appears to assert a third claim for relief that argues that "the Trial Court violated Petitioner's constitutional right to due process," by imposing consecutive sentences with respect to certain counts, and thereby "chang[ing] a legal portion of an agreed upon—on the record—promise without the authority to do so." (*See* Pet'r Reply, Dkt. 14, at ECF 2–3.) This claim mirrors one of the claims Petitioner presented to the Appellate Division and Court of Appeals. (*See* App. Br., Dkt. 13-2, at ECF 245 ("The resentencing court's amendment of counts 2 and 3 to run consecutive, as opposed to its original 'on the record' promise of concurrence, deprived defendant of his state and federal constitutional rights to due process."); *see also* Leave to Appeal Application, Dkt. 13-2, at ECF 316.) It is axiomatic that "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 2000) (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)). Therefore, Petitioner has waived this claim. In any event, this claim provides no basis for granting habeas relief. The state court determined that the sentencing court "was authorized to impose consecutive sentences for [Petitioner]'s conviction of conspiracy in the second degree and his conviction of criminal possession of a controlled substance in the second degree because those crimes, as admitted to at the plea allocution, involved separate and distinct acts." *Wright*, 54 N.Y.S.3d at 448 (collecting cases). This decision was not contrary to or an unreasonable application of clearly established

**CONCLUSION**

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. No certificate of appealability shall issue because the Court does not find that reasonable jurists could debate that the petition "should have been resolved in a different manner" or that it raises issues "adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 17, 2021
Brooklyn, New York

---

federal law. *Cf. Garrett v. United States*, 471 U.S. 773, 793 (1985) ("The presumption when Congress creates two distinct offenses is that it intends to permit cumulative sentences . . . ."); *McLean*, 287 F.3d at 136 ("[T]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences." (internal quotation marks and citations omitted)). Moreover, to the extent Petitioner argues, as he did to the state court, that the sentencing court at resentencing failed to uphold a "promise" of concurrent time made during Petitioner's original plea allocation and sentencing (*see* App. Br., Dkt. 13-2, at ECF 254–58; *see also* Leave to Appeal Application, Dkt. 13-2, at ECF 316 ("[The resentencing court] sentenced the defendant to consecutive time even though there was a promise to have them run concurrently at the original sentencing.")), the state court reasonably rejected this argument. The sentencing court at Petitioner's plea allocution made sure Petitioner understood that the court was only "conditionally promising to sentence" him in accordance with the plea agreement, and that if it ultimately determined that it could not, Petitioner's guilty plea would be vacated. (Plea Allocution, Dkt. 13, at ECF 11–12.) Additionally, before resentencing Petitioner, the sentencing court considered, in its words, "extensive briefing" from the parties as to possible resentences (Resentencing Tr., Dkt. 13, at ECF 65), in which Petitioner "object[ed] to the [c]ourt imposing consecutive sentences" (Dkt. 13-1, at ECF 54) while the State argued that "imposition of consecutive sentences [was] permissible" and "well within the [c]ourt's discretion" (Dkt. 13-1, at ECF 61). Further, at the resentencing hearing, the court confirmed that Petitioner did not wish to withdraw his guilty plea, and specifically addressed and rejected Petitioner's argument that it was required to impose concurrent time. (*See* Resentencing Tr., Dkt. 13, at ECF 66–68.) Thus, although Petitioner has waived any claim that the sentencing court violated due process in not imposing a concurrent resentence, such a claim in any event would not be a basis for federal habeas relief, in light of these proceedings.

13